# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                                       Case No. 1:06MJ2

THOMAS EUGENE SCRITCHFIELD,

        Defendant.

## ORDER/OPINION

On January 24, 2006, came the United States by Sherry Muncy, its Assistant United States Attorney, and Thomas Eugene Scritchfield ("Scritchfield"), in person and by his counsel, D. Luke Furbee, for a hearing on the written motion of the United States for detention of Defendant pending further proceedings.

The Court proceeded to hear evidence presented by Scritchfield in the form of sworn testimony of Scritchfield's employer Tom Schnopp, and Scritchfield's brother Greg Scritchfield. The Court also heard evidence from the United States in the form of the sworn testimony of FBI Special Agent Brian Fox. The Court also received and considered the Pretrial Services Report prepared by Pretrial Services Officer John A. Burlas.

With respect to the motion of the United States for detention of Tom Scritchfield, the Government contends this case is eligible for detention because it involves a 10+ year drug offense and serious risk of obstruction of justice. The Government further contends that there are no conditions or combination of conditions which will reasonably assure the safety of any other person and the community if Scritchfield is released on bond. The Government does not allege that

1

Scritchfield is a flight risk.

Title 18 § 3142(e) of the United States Code creates a rebuttable presumption that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community if there is probable cause to believe the defendant committed a 10+year drug offense. The Fifth Circuit case of United States v. Hare, 873 F.2d 796 (1989) discusses defendant's burden with respect to the rebuttable presumption. Hare holds that the previously mentioned presumption shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion. Hare also holds that the presumption is not a mere bursting bubble that totally disappears from a judge's consideration after defendant comes forward with evidence.

Title 18 § 3142(g) provides the specific factors that are to be considered to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. Those factors are:

(1) The nature and circumstances of the offense;

(2) The weight of the evidence;

(3) The history and characteristics of the person; and

(4) The seriousness of the danger to any person or the community that would be posed by the person's release.

The United States Court of Appeals for the Fourth Circuit has interpreted these standards as they relate to the issue of danger to any person or the community that would be posed by the persons's release in United States v. Williams, 753 F.2d 329 (4th Cir. 1985). In that case, both defendants had prior felony convictions for distribution of controlled substances and prior convictions of offenses involving dangerous drugs. At the time of arrest, one defendant had two

weapons and large amounts of cash and was on parole for prior drug trafficking offenses. The other defendant had a large amount of cash and a beeper. Both defendants were at the top levels of a criminal organization and had been accused of ordering shootings. The Fourth Circuit has set a stringent standard for pretrial detention in accordance with legislative history of the statute as set forth in S.Rep.No. 98-225, 98th Cong., 2nd Sess., 3 (1983). That report indicated that detention would involve cases in which there were one or more of the following:

(1) A continuing pattern of criminal activity;

(2) Major drug felonies;

(3) Importing and distribution of controlled substances;

(4) Flight was a high risk in a major drug trafficking offense;

(5) Substantial ties to organizations outside the United States involved in the exportation of controlled substances; and

(6) Large financial resources and foreign contacts to escape.

Applying the legal standards herein set forth, and in addition to the reasons set forth on the record of the detention hearing, the Court finds:

1) The weight of the evidence against the defendant regarding the offense alleged in the Criminal Complaint filed January 13, 2006 is clear and convincing.

2) As to the history and characteristics of the defendant, the Court finds:

(A) Defendant has strong family ties in Marion County, including siblings, his mother, grown children, and younger step-children.

(B) Defendant is currently employed, making $9.00 per hour, and his employer testified he is a good employee whom he would continue to employee if released on bond.

(C) Defendant's financial resources are not of prime importance.

3

(D) Defendant has resided in the community essentially his entire life.

(F) There is clear and convincing evidence that Defendant has the following criminal history:

1) December 5, 1997 — Found not guilty of Unlawful Assault and Malicious Wounding in Marion County, West Virginia, Circuit Court.

2) January 10, 1998 — Charged with Conspiracy to Distribute Cocaine, Possession of Cocaine, Possession of Drug Paraphernalia, and Possession of a Firearm in Allegany County Circuit Court in Cumberland, Maryland. Pled Guilty to Possession of Cocaine and Possession of a Firearm. Sentenced to serve two months imprisonment followed by two years probation, which Defendant completed in February 2001.

3) October 16, 1998 — Charged with Driving on Suspended in Fairmont, WV. Capias issued.

4) July 17, 2005 — Charged with Domestic Battery in Marion County, West Virginia. Warrant issued and remains outstanding.

5) December 27, 2005 — Charged with Driving on Suspended in Fairmont, WV. A hearing is set for February 2, 2006.

From the clear and convincing evidence, the Court concludes:

1) There is probable cause to believe that Defendant has committed a 10+ year drug offense.

2) There is no finding or allegation that Defendant poses a flight risk.

3) Defendant rebutted the presumption created by 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the safety of the community if there is probable cause to believe the defendant committed a 10+ year drug

offense.

4) The Court further concludes from the clear and convincing evidence presented at the hearing that:

    a) In January 2006, Scritchfield solicited Brain Sine to kill Ross Sine.

    b) In January 2006, at the McDonald's in Fairmont, West Virginia, Scritchfield told Ross Sine that he would kill Brian Sine himself and that he might regret killing him because he was so young, but he was going to do it anyway.

    c) That these alleged threats were made after Scritchfield was made aware that he was the subject of an ongoing criminal investigation regarding drug dealing.

    d) That Scritchfield had previously made a statement that he had previously entered a plea only after he had found out who was going to speak against him and only after he had had one of those witnesses "ball-batted."

    e) That the only prior conviction was a conspiracy to distribute cocaine charge to which Scritchfield pled guilty to possession of cocaine and possession of a firearm in 1998 in Allegany County, Maryland.

Upon consideration of all which and notwithstanding the testimony of Scritchfield's employer, who has a limited opportunity to know what his employees do off the job, the Court concludes that there are no conditions which can be framed which will assure the safety of any other person and the community if Scritchfield were released on bond.

The motion of the United States to detain Thomas Eugene Scritchfield pending further proceedings in this case is therefore **GRANTED.**

It is therefore **ORDERED** that:

1. The defendant be, and he is hereby remanded to the custody of the United States Marshal

pending further proceedings in this case;

      2. The defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

      3. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel;

      4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

      5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED this 26 day of January, 2006.

                                                    /s *John S. Kaull*
                                                    JOHN S. KAULL
                                                    UNITED STATES MAGISTRATE JUDGE